UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROMUALD DANOWSKI, Individually and on behalf of all other persons similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> STARDUST DINERS, INC. D/B/A COLONY DINER, GEORGE STRIFAS, AND THOMAS STRIFAS, <br><br> Defendants. | ECF CASE <br><br> No.: 23-cv-1826 <br><br> CLASS AND COLLECTIVE ACTION COMPLAINT <br><br> JURY TRIAL DEMANDED |

## NATURE OF THE ACTION

1. Plaintiff Romuald Danowski worked as a waiter for Defendants Stardust Diners, Inc. d/b/a Colony Diner, George Strifas, and Thomas Strifas (collectively, "Defendants") at their East Meadow restaurant from June 2015 to April 2019 and from March 2022 to September 2022.

2. Plaintiff alleges, on his behalf and other similarly situated current and former employees of Defendants under Fed. R. Civ. P. 23 (a) and (b), that Defendants willfully violated the New York Labor Law by (i) failing to pay the minimum wage, (ii) failing to pay overtime premium pay, (iii) failing to pay spread-of-hours pay, and (iv) failing to provide an accurate wage statement under N.Y. Lab. Law § 195.3 with every wage payment.

3. Plaintiff alleges, on his behalf and other similarly situated current and former employees of Defendants and those who elect to opt into this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that Defendants willfully violated the FLSA by failing to pay the minimum wage.

-1-

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's FLSA claims under 29 U.S.C. § 216(b).

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(1) and (2).

6. This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

7. Plaintiff was, at all relevant times, an adult individual residing in Lindenhurst, New York.

8. Upon information and belief, Defendant Colony Diner is a domestic business corporation that is organized under New York law and is authorized to do business in the State of New York, with its principal place of business at 2019 Hempstead Turnpike, East Meadow, New York 11554.

9. Defendant Colony Diner is, upon information and belief, an enterprise engaged in commerce or in the production of goods for commerce. Defendant Colony Diner is engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000. These goods and materials that have been produced for and moved in commerce, which its employees have handled, including food, glassware, computers and beverages.

10.     Defendants George Strifas and Thomas Strifas, upon information and belief, own, operate and control Defendant Colony Diner's day-to-day operations and management and jointly employed Plaintiff and other similarly situated employees at all relevant times.

11.     Each Defendant, either directly or indirectly, has hired Plaintiff and other employees, fired other employees, controlled Plaintiff's work schedule and employment conditions, determined their payment rate and method, and kept at least some records regarding their employment.

12.     At any given time, Defendants have and have had more than 11 employees.

## STATEMENT OF FACTS

13.     Defendants operate and manage an American-themed restaurant at 2019 Hempstead Turnpike, East Meadow, New York 11554.

Duties Performed[1]

14.     Defendants employed Plaintiff as a waiter from June 2015 to April 2019 and from March 2022 to September 2022.[2]

15.     As a waiter, Plaintiff was responsible for taking customers' orders and bringing food and beverages to customers. Defendants, in addition, required him to spend approximately 2.0 hours a day performing side work, such as setting and cleaning tables and getting the floor ready for service.

16.     During his employment with Defendants, at any given time, Plaintiff worked with at least 20 waiters.

---

[1] These subject lines are included only for organizational purposes.
[2] The date ranges are based on Plaintiff's memory.

17. From personally observing and speaking with them, Plaintiff knows that his coworkers performed the same duties as he and were compensated in the same manner by Defendants.

Hours Worked

18. From June 2015 to April 2019, Plaintiff worked 5 days a week, working from 5 p.m. to 6 a.m. or 9 a.m. to 6 p.m., averaging 9 to 12 hours per day and 55 hours per week.

19. From March 2022 to September 2022, Plaintiff worked 2 to 3 days a week, working from 9 a.m. to 6 p.m. or 3 p.m. to 8 p.m. and between 20 to 30 hours per week.

20. Throughout his employment, Plaintiff and other similarly situated employees regularly worked more than 10 hours per day.

21. From reviewing the schedule, speaking with them and personal observations, Plaintiff knows that other waiters worked similar hours as he did.

Hourly Rate, Spread-of-Hours, Overtime

22. Defendants paid Plaintiff the following hourly rates: in 2015, $5.00 per hour; from 2016 to 2018, $7.50 per hour; and in 2019, $8.00 per hour.

23. Between March 2022 and September 2022, Defendants did not pay him a consistent hourly rate.

24. Between March 2022 and September 2022, Defendants paid Plaintiff an hourly rate that fluctuated from $0.00 to $8.00, with $3.00 the most common hourly rate they paid him during this time period.

25. When he was paid, Defendants paid him in cash, but not for all the hours

that he worked.

26. Defendants regularly did not pay him for all hours worked.

27. In paying Plaintiff these hourly rates, Defendants were claiming a tip credit against the statutory minimum wage.

28. Defendants did not give Plaintiff and, upon information and belief, his coworkers a notice of the "tip credit."

29. Defendants have a policy or practice of requiring Plaintiff and his coworkers to pay Defendants 15% of their daily tips earned. For instance, at the end of the workday, Plaintiff was required to show Defendants George Strifas or Thomas Strifas how much in tips he earned. They then took 15% of his daily tips, claiming that it was to compensate other employees, such as the busboy. Upon information and belief, Defendants George Strifas and Thomas Strifas kept 15% of Plaintiff and his coworker's tips for themselves.

30. Plaintiff regularly spent more than 20% of a daily shift performing non-tipped facing work.

31. Although Plaintiff regularly worked more than 40 hours per week, Defendants did not pay him for any hour that he worked over 40, whether at his regular rate or overtime.

32. Plaintiff regularly worked more than 10 hours in a day.

33. When Plaintiff worked more than 10 hours in a day, Defendants did not pay him spread-of-hours pay: an extra hour at the minimum wage.

34. Plaintiff regularly complained to Defendants George Strifas and Thomas Strifas about Defendants' failure to pay him for all hours worked and all his overtime

hours.

35. Defendants George Strifas and Thomas Strifas ignored Plaintiff's complaints about not getting paid for all hours worked.

36. Plaintiff has heard other waiters complain that Defendants did not pay them for all hours worked and failed to pay them all of their overtime hours.

Wage Statement Violations

37. Defendants did require Plaintiff and his coworkers to clock in or clock out.

38. Despite having a policy or practice of tracking the hours that Plaintiff and his coworkers worked, Defendants paid Plaintiff and his coworkers for only 40 hours of work per week.

39. Plaintiff's paystubs did not correctly state the hours that he worked: they reflected a fiction that he consistently worked below or exactly 40 hours per week, not accounting for *any* hours worked above 40.

40. Plaintiff knows that other waiters and employees complained that their paystubs did not accurately reflect all the hours they worked.

41. Defendants did not provide Plaintiff or the other waiters with an accurate wage statement under N.Y. Lab. Law § 195.3 with every wage payment.

42. Upon information and belief, Defendants did not post at the restaurant up-to-date poster advising Plaintiff and other employees of their right to a minimum wage and overtime premium pay.

43. From speaking with them, Plaintiff knows that other waiters were, like he, not paid for all of their hours worked, were paid below the statutory minimum wage, were not paid overtime, did not get to keep all of their tips, did not get notice that

Defendants were claiming a tip notice, spent 20% of their day doing non-tipped work, were not given an accurate wage statement, and were not paid spread-of-hours pay.

44. Despite being sued before for their unlawful pay practices,[3] Defendants continue to willfully violate the FLSA and Labor Law.

## CLASS ACTION ALLEGATIONS

45. Plaintiff asserts these allegations and claims on his own and on behalf of a class of persons under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3):

> All persons whom Defendants employ and have employed who were waiters and other comparable tipped positions at any time since March 9, 2017 to the entry of judgment in this case (the "Class Period"), who were non-exempt employees under the New York Labor Law (the "Class Members").

46. The Class Members identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within Defendants' sole control, upon information and belief, more than 50 Class Members exist.

47. Plaintiff's claims are typical of the Class Members', and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

48. Defendants have acted or refused to act on grounds generally applicable to the Class Members, making appropriate final injunctive relief or corresponding

---

[3] *Franco v. Stardust Diners, Inc. et al.*, No. 2:18-cv-04537-SJF-AYS (2018); *Solis v. Stardust Diners, Inc. et al.*, No. 2:13-cv-00199-LDW-ETB (2013).

declaratory relief with respect to the Class Members.

49. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law, wage and hour law, and class action litigation.

50. Plaintiff has the same interest in this matter as all other Class Members and his claims are typical of Class Members'.

51. Common questions of law and fact exist as to the Class Members that predominate over any questions solely affecting the individual Class Members, including but not limited to:

    a. Whether Defendants employed Plaintiff and the Class Members within the meaning of the Labor Law;

    b. What proof of hours worked is sufficient where employers fail in their duty to maintain time records;

    c. Whether Defendants failed to pay Plaintiff and the Class Members the statutory minimum wage;

    d. Whether Defendants failed or refused to pay the Class Members overtime premium pay for all hours worked in excess of 40 hours per workweek;

    e. Whether Defendants failed or refused to pay the Class Members spread-of-hours pay for days when they worked in excess of 10 hours;

    f. Whether Defendants gave Plaintiff and the Class Members proper notice of the "tip credit" as 12 N.Y.C.R.R. §§ 146-1.3 and 2.2 requires;

    g. Whether Defendants violated the 80/20 rule in having Plaintiff and the Class Members working 20% of their shift on non-tipped worked;

  h. Whether Defendants failed to provide Plaintiff and the Class Members wages statements under Labor Law § 195.3;

  i. Whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided under the Labor Law in any area where Plaintiff and the Class Members are employed;

  j. Whether Defendants are liable for all damages claimed hereunder, including but not limited to, interest, costs and disbursements and attorneys' fees; and

  k. Whether Defendants should be enjoined from such violations of the Labor Law in the future.

COLLECTIVE ACTION ALLEGATIONS

52. Under 29 U.S.C. § 206, Plaintiff seeks to assert these allegations and claims as a collective action:

> All persons whom Defendants employ and have employed who were servers and other comparable tipped positions with different titles at any time since March 9, 2020 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees under the FLSA (the "Collective Action Members").

53. Plaintiff and the Collective Action Members are similarly situated on several legal and factual issues, including:

  a. Defendants employed the Collective Action Members within the meaning of the FLSA;

  b. Collective Action Members performed similar duties;

  c. Defendants willfully or recklessly violated the FLSA;

  d. Whether Defendants failed to pay Plaintiff and the Collective Action Members the statutory minimum wage under the FLSA;

e. Defendants should be enjoined from such violations of the FLSA in the future; and

f. The statute of limitations should be estopped or equitably tolled due to Defendants' statutory violations.

FIRST CAUSE OF ACTION
FAILURE TO PAY THE MINIMUM WAGE
UNDER THE FLSA
(On Behalf of Plaintiff and the Class Members)

54. Plaintiff realleges every preceding allegation as if set forth fully herein.

55. Defendants have been and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

56. Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

57. As an employer within the meaning of the FLSA, Defendants George Strifas and Thomas Strifas are individually liable.

58. Defendants knowingly failed to pay Plaintiff and the Collective Action Members the minimum wage.

59. Defendants was required to pay Plaintiff and the Collective Action Members the full minimum wage rate for all hours worked.

60. Defendants failed to pay Plaintiff and the Collective Action Members at the minimum wage for all hours worked.

61. Because Defendants' FLSA violations were willful, a three-year statute of limitations applies under 29 U.S.C. § 255.

62. As a result of Defendants' FLSA violations, Plaintiff and the Collective

Action Members have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensations under 29 U.S.C. § 216(b), and such other legal and equitable relief as this Court deems just and proper.

SECOND CAUSE OF ACTION
FAILURE TO PAY THE MINIMUM WAGE
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff and the Class Members)

63. Plaintiff realleges every preceding allegation as if set forth fully herein.

64. Defendants are "employers" under N.Y. Lab. Law §§ 190, 196-d, 651(5), 652 and supporting New York State Department of Labor Regulations and employed Plaintiff and the Class Members.

65. At all relevant times, Defendants' restaurant is subject to the Minimum Wage Order for the Hospitality Industry promulgated by the New York State Department of Labor, 12 N.Y. C.R.R. Part 146.

66. The wage payment provisions of Article 6 of the Labor Law and supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff and the Class Members.

67. Under the Labor Law and supporting New York State Department of Labor Regulations, Defendants were required to pay Plaintiff and the Class Members the statutory minimum wage.

68. Upon information and belief, Defendants failed to post, in a conspicuous place upon their premises a notice issued by the New York State Department of Labor summarizing minimum wage provisions, violating the Labor Law and supporting New

York State Department of Labor Regulations. 12 N.Y.C.R.R. §§ 137-2.3, *et seq.*

69. Defendants paid Plaintiff and the Class Members below the statutory minimum wage.

70. Defendants were not eligible to take a tip credit and pay Plaintiff and the Class Members below the statutory minimum wage under 12 N.Y.C.R.R. §§ 137-2.1, 2.2 and 12 N.Y.C.R.R. §§ 146-2.2, 2.9 because: (i) Defendants failed to inform Plaintiff and the Class Members of the Labor Law's tip credit provisions, failing to give them the required notice; (ii) Defendants failed to pay them for all hours worked in violation of the Labor Law; and (iii) Plaintiff and the Class Members spent 20% or more of their time doing non-tipped work.

71. Defendants are accordingly liable to Plaintiff and the Class Members for the difference between the hourly rate at which they paid them and the statutory minimum wage.

72. Defendants willfully violated the Labor Law by knowingly and intentionally failing to pay Plaintiff and the Class Members the minimum wage.

73. Due to Defendants' Labor Law violations, Plaintiff and the Class Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.

THIRD CAUSE OF ACTION
FAILURE TO PAY THE OVERTIME PAY
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff and the Class Members)

74. Plaintiff realleges every preceding allegation as if set forth fully herein.

75. Defendants are employers under N.Y. Lab. Law §§ 190, 196-d, 651(5), 652 and supporting New York State Department of Labor Regulations and employed

Plaintiff and the Class Members.

76. Under the Labor Law and supporting New York State Department of Labor Regulations, Defendants were required to pay Plaintiff and the Class Members 1.5 times their regular rate of pay for all hours they worked in excess of 40.

77. Defendants failed to pay Plaintiff and the Class Members the overtime wages for all hours worked to which they were entitled, violating N.Y. Lab. Law § 650 and Part 142, § 142-2.2 of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act.

78. Under the Labor Law, when paying tipped employees for hours they worked over 40 in a week, an employer is required to multiply the regular rate of pay by 1.5 and then subtract the tip credit.

79. Because Defendants are not permitted to claim a tip credit, they were required to pay Plaintiff and the Class Members at an overtime at a rate of the statutory minimum wage x 1.5.

80. Defendants willfully violated the Labor Law by knowingly and intentionally failing to pay Plaintiff and the Class Members the correct amount of overtime wages.

81. Due to Defendants' Labor Law violations, Plaintiff and the Class Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest. N.Y. Lab. Law § 663.

FOURTH CAUSE OF ACTION
FAILURE TO PAY SPREAD-OF-HOURS PAY
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff and the Class Members)

82. Plaintiff realleges every preceding allegation as if set forth fully herein.

83. Defendants willfully failed to pay Plaintiff and the Class Members one additional hour's pay at the basic minimum wage rate before allowances for each day that their spread of hours exceeded ten hours, violating Part 146 § 146-1.6 of Title 12 of the Official Compilation of Codes, Rules and Regulations.

84. By their failure to pay Plaintiff and the Class Members spread-of-hours pay, Defendants have willfully violated the N.Y. Lab. Law Article 19, §§ 650, *et seq.* and the supporting New York State Department of Labor Regulations.

85. Due to Defendants' Labor Law violations, Plaintiff and the Class Members are entitled to recover from Defendants their unpaid spread-of-hours pay, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

FIFTH CAUSE OF ACTION
FAILURE TO PROVIDE 195.3 WAGE STATEMENT
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff and the Class Members)

86. Plaintiff realleges every preceding allegation as if set forth fully herein.

87. Defendants have willfully failed to supply Plaintiff and the Class Members with the required accurate wage statements with every payment of wages, violating Labor Law § 195.3.

88. Due to Defendants' violations of Labor Law § 195.3, Plaintiff and the Class Members are entitled to recover from Defendants $100.00 for each work week that

the violations occurred or continue to occur, or a total of $5,000.00, as provided for by Labor Law § 198(1)-d, reasonable attorneys' fees, costs, injunctive and declaratory relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on his behalf and the Class and Collective Action Members, respectfully requests this Court grant the following relief:

      a.      Certifying this action as a class action under Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the Class Members and appointing Plaintiff and his counsel to represent the Class Members;

      b.      Designating this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice under 29 U.S.C. § 216(b) to all similarly situated members of an FLSA opt-in collective action, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue under 29 U.S.C. § 216(b) and appointing Plaintiff and his counsel to represent the Collective Action Members and tolling of the statute of limitations;

      c.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the Labor Law;

      d.      An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

      e.      An award for unpaid overtime premium pay under the Labor Law;

    f.  An award for unpaid minimum wage under the Labor Law and the FLSA;

    g.  An award for unpaid spread-of-hours pay under the Labor Law;

    h.  An award for failing to provide the N.Y. Lab. Law § 195.3 Wage Statements;

    i.  An award of liquidated damages as a result of Defendants' Labor Law violations;

    j.  An award of liquidated damages as a result of Defendants' willful FLSA violations;

    k.  Equitably tolling the statute of limitations under the FLSA;

    l.  An award to Plaintiff for back pay, front pay and all benefits along with pre and post judgment interest.

    m.  An award of pre-judgment and post-judgment interest;

    n.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

    o.  Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all questions of fact the Complaint raises.

Dated: New York, New York
       March 9, 2023

                LIPSKY LOWE LLP

                s/ Douglas B. Lipsky
                Douglas B. Lipsky
                420 Lexington Avenue, Suite 1830
                New York, New York 10017-6705
                212.392.4772
                doug@lipskylowe.com